PROB 12C
(04/08)

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

May 9, 2012

FILED
2012 MAY 16 AM 11:01

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Jose Luis MARTINEZ (English)　　　　**Dkt. No.:** 10CR00061-002-BTM

**Reg. No.:** 18106-298

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, Chief U.S. District Judge

**Original Offense:** 8 U.S.C § 1324(a)(1)(A)(ii) and (v)(II), Transportation of an Illegal Alien and Aiding and Abetting, a Class D felony.

**Date of Sentence:** July 9, 2010

**Sentence:** Time served; 2 year's of supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release　　　　**Date Supervision Commenced:** July 9, 2010

**Asst. U.S. Atty.:** Jaime D. Parks　　　　**Defense Counsel:** Frank Torres Morell (Appointed)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　619-498-0667

**Prior Violation History:** None.

## PETITIONING THE COURT

## TO SUMMON THE OFFENDER TO APPEAR BEFORE THE COURT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)** Not commit another federal, state, or local crime. *(nvl)* | 1. On April 9, 2012, Mr. Martinez drove a vehicle while under the influence of alcohol with a measurable blood alcohol of .08 or greater in violation of CVC 23152(b), as evidenced by his plea of guilty in Superior Court of California, County of San Diego, Case No. M147394. |

***Grounds for Revocation:*** I have read and reviewed the San Diego Regional Officer's Report Narrative, which reveals the following: On February 26, 2012, police were dispatched to the scene of a crash

involving Mr. Martinez and another individual. At the scene of the accident, the victim notified police that the offender had hit his vehicle and was attempting to leave the scene on foot. Police were able to catch-up with the offender, and he was questioned and given a field sobriety test. The results of a breathalyser test revealed that Mr. Martinez had a B.A.C. of 0.19%, and he was arrested for driving while under the influence. On April 9, 2012, the offender pled guilty as noted above and was sentenced to five (5) years summary probation, 12 days in a public service program, participation/completion of DUI classes, and payment of a fine.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Martinez' adjustment on supervision has been positive for the most part. Prior to his involvement in the mentioned incident, the offender had not had any significant law enforcement contact or serious non-compliance. He completed a vocational program in general construction in October 2011, and has maintain full-time employment in that field for over a year. Although Mr. Martinez was participating in GED preparation classes, he discontinued his pursuit of a GED after various unsuccessful attempts.

The offender has been randomly drug tested throughout his term of supervised release, and the probation office has not discovered or suspected any illicit drug use. The above noted arrest is a significant deviation of the offender's normal behavior, and when this incident was discussed with him, he was very remorseful and apologetic, acknowledging that he made a serious mistake.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Martinez is 22 years old, single, without children, and currently resides with his parents and siblings. He has maintained full-time employment in construction for over a year (often working 6 days a week, over 10 hours a day).

### SENTENCING OPTIONS
### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (driving while under the influence) constitutes a Grade C violation. USSG § 7B1.1(a)(3)(A), p.s.
Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## RECOMMENDATION/JUSTIFICATION

It is unfortunate that Mr. Martinez made the poor and extremely dangerous decision to drink and drive, and he is extremely fortunate that no one was seriously hurt or injured in the accident. The offender has expressed remorse for his decision, and has been sanctioned by the State court for his hazardous behavior. I feel that the offender's overall compliance for nearly two years should not be overlooked, and with that in mind, it is recommended that his conditions be modified to include a period of home confinement for the remainder of his supervision term (about 30 days). In combination with his state punishment, I feel that this is a sufficient sanction that also takes into account Mr. Martinez' overall compliance with the directives of the Court for nearly two years.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: May 9, 2012**

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by
Denny Mar
U.S. Probation
(619) 557 7041

Reviewed and Approved:

Robert J. Walford
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** MARTINEZ, Jose Luis

2. **Docket No.** (Year-Sequence-Defendant No.): 10CR00061-002-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Law violation (driving while under the influence) | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))    [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))    [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))    [ 3 - 9 months ]

7. **Unsatisfied Conditions of Original Sentence:** None.

**THE COURT ORDERS:**

✓ AGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON **JUNE 1, 2012**, AT **11:00 A.M.**, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE MODIFIED or Revoked.

___ DISAGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

✓ Other _The date of the alleged violation is amended to February 26, 2012; see Request for Modification Doc 94/b/12. The Court may also consider an alcohol monitoring device and may consider revocation of supervised release._

_____          5/15/12
The Honorable Barry Ted Moskowitz              Date
Chief U.S. District Judge

dm4/dm4